Steven B. Feigenbaum (SF-1711)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Plaintiffs
Houlihan, Lokey, Howard & Zukin, Inc.
and HLHZ Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC.,
and HLHZ INVESTMENTS, LLC,

                Plaintiffs,

-against-

KENNETH A. WASIK,

                Defendant.

---

Case No. 07 CV 7030 (SHS)

ORDER TO SHOW CAUSE
AND TEMPORARY
RESTRAINING ORDER

        Plaintiff Houlihan, Lokey, Howard & Zukin, Inc. ("Houlihan") having moved pursuant to Fed. R. Civ. P. 65(b) for a temporary restraining order, preliminary injunction and expedited discovery;

        Now, upon the summons and complaint in this action, the affidavit of Steven B. Feigenbaum, sworn to August 6, 2007, the declaration of Christopher Crain, executed on August 3, 2007, the declaration of Robert Hotz, executed on August 5, 2007, and all exhibits to the declarations, and upon Houlihan's accompanying memorandum of law dated August 6, 2007, and good cause appearing therefor, it is hereby:

        ORDERED, that defendant Kenneth A. Wasik ("Wasik") show cause before the Honorable Judge _____, at 3 pm. on the 7 day of August,

_2007, in Courtroom 2~5~A~ of the United States Courthouse, 500 Pearl Street, New York, New York, why ~an order~ a preliminary injunction should not be entered:

1. Directing Wasik immediately to return to Houlihan all copies of Houlihan's electronic files, documents and other property in his possession;

2. Directing the supervised destruction by Houlihan's computer forensics expert of any and all proprietary information of Houlihan's that was transmitted to Wasik's home computer and/or his or his wife's personal e-mail account or that is otherwise stored on Wasik's computer, on any external media that can be linked to the computer, or on Wasik's or his wife's personal e-mail account or the server of his or his wife's personal e-mail provider;

3. Enjoining Wasik from using Houlihan's proprietary information in any way;

4. Enjoining Wasik from sending, transmitting or otherwise disclosing Houlihan's proprietary information to any third party by any means;

5. Enjoining Wasik from directly or indirectly soliciting or servicing any of Houlihan's existing and prospective clients with which Wasik dealt while he was employed by Houlihan or about which he otherwise has confidential and proprietary information obtained from Houlihan; and

6. Enjoining Wasik from soliciting, directly or through third parties, or participating directly or indirectly in the recruitment of, any employees of Houlihan's.

ORDERED that discovery on Houlihan's application for equitable relief, and in advance of a preliminary injunction hearing, shall proceed on an expedited basis and shall be concluded no later than Sept 12, 2007;

- 2 -

ORDERED that personal service of this Order to Show Cause and Temporary Restraining Order, together with a copy of the papers on which it is based, upon the defendant or his attorneys, on or before 5 p.m. on Aug 7, 2007, shall be deemed sufficient personal service; *Ordered that supplementary moving papers may be filed by Sept 26*

ORDERED that opposing papers, if any, are to be served, with a courtesy copy for Chambers, upon Houlihan's attorneys, Levi Lubarsky & Feigenbaum LLP, 1185 Avenue of the Americas, 17th Floor, New York, New York 10036, so as to be received by 5:00 p.m. on the 10 day of October, 2007;

ORDERED that all reply papers, if any, shall be served upon Wasik's counsel so as to be received not later that 5:00 p.m. on Oct 17, 2007; *oral argument on and Nov 7 at 12:00 Noon.*

ORDERED that, pending this Court's *determination of* Houlihan's motion for a preliminary injunction, Wasik and all those acting in concert with him are hereby directed as follows:

1. Wasik shall *by 5pm on August 14 give to his attorneys in this action* all copies of Houlihan's electronic files, documents and other property that are in his possession;

   *2. Wasik's Mac computer shall remain in the possession of def's computer forensics expert, Ava Risk Consulting.*

2. Wasik shall permit the supervised destruction by Houlihan's computer forensics expert of any and all proprietary information of Houlihan's that was transmitted to Wasik's home computer and/or his or his wife's personal e-mail account, or that is otherwise stored on Wasik's computer, on any external media that can be linked to the computer, or on Wasik's or his wife's personal e-mail account or the server of his or his wife's personal e-mail provider;

3. Wasik is enjoined from using Houlihan's proprietary information in any way, *including with Houlihan clients with whom Wasik dealt while employed by Houlihan;*

-3-

    4.    Wasik is enjoined from sending, transmitting or otherwise disclosing Houlihan's proprietary information to any third party by any means;

    5.    Wasik is enjoined from directly or indirectly soliciting or servicing any of Houlihan's existing and prospective clients with which Wasik dealt while he was employed by Houlihan or about which he otherwise has confidential and proprietary information obtained from Houlihan; and

    6.    Wasik is enjoined from soliciting, directly or through third parties, or participating directly or indirectly in the recruitment of, any employees of Houlihan; and it is further

ORDERED, that a bond be filed by Houlihan in the amount of $ _10,000_, on or before the close of business on _August 10_, 2007; and it is further

~~ORDERED, that this Order will be effective until _____, 2007, at _____ .m., and not longer without further order of the Court.~~

This Order issued this _7_ day of _August_, 2007, at _4 p_ .m.

_____
UNITED STATES DISTRICT JUDGE