Domenique C. Moran (DM 1048)
Debbie Chun (DC 6236)
FARRELL FRITZ, P.C.
1320 RexCorp Plaza
Uniondale, New York 11556-1320
(516) 227-0700
Attorneys for Defendant
Kenneth A. Wasik

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC., and HLHZ INVESTMENTS, LLC.

|  |  |
|---|---|
| Plaintiffs, | 07-CV-7030 (SHS) |
| - against - | **ANSWER** |
| KENNETH A. WASIK, |  |
| Defendant. |  |

---

Defendant Kenneth A. Wasik ("Wasik" or "Defendant"), by his attorneys, Farrell Fritz, P.C., answers the Complaint of Plaintiffs Houlihan, Lokey, Howard & Zukin, Inc. and HLHZ Investments, LLC. ("Plaintiffs") as follows:

### NATURE OF THE ACTION

1.      Denies the allegations contained in Paragraph "1" of the Complaint, except admits that Plaintiffs purport to bring an action for various contractual breaches against Wasik.

2.      Denies the allegations contained in Paragraph "2" of the Complaint.

3.      Denies the allegations contained in Paragraph "3" of the Complaint, except admits that Plaintiffs purport to seek injunctive relief.

4.      Denies the allegations contained in Paragraph "4" of the Complaint, except admits that Plaintiffs purport to bring an action for breach of fiduciary duty against Wasik.

5.      Denies the allegations contained in Paragraph "5" of the Complaint, except admits that Plaintiffs purport to bring an action for breach of the duty of loyalty against Wasik.

6.      Denies the allegations contained in Paragraph "6" of the Complaint.

7.      Denies the allegations contained in Paragraph "7" of the Complaint.

JURISDICTION AND VENUE

8.      Paragraph "8" of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegation contained in Paragraph "8" of the Complaint.

9.      Paragraph "9" of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegation contained in Paragraph "9" of the Complaint.

10.      Paragraph "10" of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegation contained in Paragraph "10" of the Complaint.

11.      Paragraph "11" of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegation contained in Paragraph "11" of the Complaint.

PARTIES

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13.      Admits the allegations contained in Paragraph "13" of the Complaint.

FACTUAL ALLEGATIONS

A.     Houlihan's Business

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

B.     Wasik's Employment at Houlihan and His Contractual Obligations to the Company

17.     Admits the allegations contained in Paragraph "17" of the Complaint.

18.     Denies the allegations contained in Paragraph "18" of the Complaint, except admits that on or about May 1, 2003, Wasik executed a Proprietary Information and Developments Agreement.

19.     Denies the allegations contained in Paragraph "19" of the Complaint, and respectfully refers the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

20.     Denies the allegations contained in Paragraph "20" of the Complaint, and respectfully refers the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

21.     Denies the allegations contained in Paragraph "21" of the Complaint, and respectfully refers the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

22.     Denies the allegations contained in Paragraph "22" of the Complaint, and respectfully refers the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

3

23.     Denies the allegations contained in Paragraph "23" of the Complaint.

24.     Denies the allegations contained in Paragraph "24" of the Complaint.

C.    <u>Wasik's Resignation from Houlihan to Join Jeffries</u>

25.     Denies the allegations contained in Paragraph "25" of the Complaint.

26.     Admits the allegations contained in Paragraph "26" of the Complaint.

27.     Denies the allegations contained in Paragraph "27" of the Complaint, except admits that on or about May 28, 2007, he commenced employment as a Managing Director with Jeffries & Company, Inc.

28.     Denies the allegations contained in Paragraph "28" of the Complaint, except admits that he forwarded information from Houlihan's computer system to a personal e-mail account.

29.     Denies the allegations contained in Paragraph "29" of the Complaint, except admits that he forwarded e-mail from his Houlihan computer system to a personal e-mail account.

30.     Denies the allegations contained in Paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32.     Denies the allegations contained in Paragraph "32" of the Complaint, except admits that he retained counsel and allowed Houlihan's own computer forensics firm access to his personal computer to image the computer's hard drive.

33.     Denies the allegations contained in Paragraph "33" of the Complaint.

34.     Denies the allegations contained in Paragraph "34" of the Complaint.

35.     Denies the allegations contained in Paragraph "35" of the Complaint.

36.     Paragraph "36" of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegations contained in Paragraph "36" of the Complaint.

4

37.    Denies the allegations contained in Paragraph "37" of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Complaint.

39.    Denies the allegations contained in Paragraph "39" of the Complaint.

40.    Denies the allegations contained in Paragraph "40" of the Complaint.

41.    Denies the allegations contained in Paragraph "41" of the Complaint.

42.    Denies the allegations contained in Paragraph "42" of the Complaint.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.    Denies the allegation contained in Paragraph "44" of the Complaint.

45.    Denies the allegations contained in Paragraph "45" of the Complaint.

46.    Denies the allegations contained in Paragraph "46" of the Complaint.

47.    Denies the allegations contained in Paragraph "47" of the Complaint.

F.    <u>Wasik's Last Minute Rejection of an Extensively Negotiated Resolution of the Claims to Which His Misconduct Gave Rise</u>

48.    Denies the allegations contained in Paragraph "48" of the Complaint.

49.    Denies the allegations contained in Paragraph "49" of the Complaint.

FIRST CAUSE OF ACTION
(Breach of Contract for Disclosure of Proprietary Information)

50.    Repeats and realleges the responses to Paragraphs "1" through "49" of the Complaint in response to Paragraph "50" of the Complaint.

51.    Denies the allegations contained in Paragraph "51" of the Complaint.

52.    Denies the allegations contained in Paragraph "52" of the Complaint.

SECOND CAUSE OF ACTION
(Misappropriation of Confidential Proprietary Information)

53.    Repeats and realleges the responses to Paragraphs "1" through "52" of the Complaint in response to Paragraph "53" of the Complaint.

54.    Paragraph "54" of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegations contained in Paragraph "54" of the Complaint.

55.    Denies the allegations contained in Paragraph "55" of the Complaint, and respectfully refer the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

56.    Denies the allegations contained in Paragraph "56" of the Complaint.

57.    Denies the allegations contained in Paragraph "57" of the Complaint.

58.    Denies the allegation contained in Paragraph "58" of the Complaint.

THIRD CAUSE OF ACTION
(Violations of Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

59.    Repeats and realleges the responses to Paragraphs "1" through "58" of the Complaint in response to Paragraph "59" of the Complaint.

60.    Denies the allegations contained in Paragraph "60" of the Complaint.

61.    Denies the allegations contained in Paragraph "61" of the Complaint.

62.    Denies the allegations contained in Paragraph "62" of the Complaint.

63.    Denies the allegations contained in Paragraph "63" of the Complaint.

FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty and Duty of Loyalty)

64.    Repeats and realleges the responses to Paragraphs "1" through "63" of the Complaint in response to Paragraph "64" of the Complaint.

65.    Denies the allegations contained in Paragraph "65" of the Complaint.

66.    Denies the allegations contained in Paragraph "66" of the Complaint.

67.     Denies the allegations contained in Paragraph "67" of the Complaint.

## FIFTH CAUSE OF ACTION
(Misappropriation of Corporate Opportunities)

68.     Repeats and realleges the responses to Paragraphs "1" through "67" of the Complaint in response to Paragraph "68" of the Complaint.

69.     Denies the allegations contained in Paragraph "69" of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "70" of the Complaint.

71.     Denies the allegations contained in Paragraph "71" of the Complaint.

72.     Denies the allegation contained in Paragraph "72" of the Complaint.

## SIXTH CAUSE OF ACTION
(Breach of Contract for Misappropriation of Corporate Opportunities)

73.     Repeats and realleges the responses to Paragraphs "1" through "72" of the Complaint in response to Paragraph "73" of the Complaint.

74.     Denies the allegations contained in Paragraph "74" of the Complaint, and respectfully refer the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

75.     Denies the allegations contained in Paragraph "75" of the Complaint.

## SEVENTH CAUSE OF ACTION
(Tortious Interference with Contractual Relations)

76.     Repeats and realleges the responses to Paragraphs "1" through "75" of the Complaint in response to Paragraph "76" of the Complaint.

77.     Denies the allegations contained in Paragraph "77" of the Complaint.

78.     Denies the allegations contained in Paragraph "78" of the Complaint.

79.     Denies the allegations contained in Paragraph "79" of the Complaint.

EIGHTH CAUSE OF ACTION
(Return of Compensation Under the Faithless Servant Doctrine)

80.    Repeats and realleges the responses to Paragraph "1" through "79" of the Complaint in response to Paragraph "80" of the Complaint.

81.    Paragraph "81" of the of the Complaint sets forth a legal conclusion, to which no response is required.  To the extent a responsive pleading is required, Defendant denies the allegations contained in Paragraph "81" of the Complaint.

82.    Denies the allegations contained in Paragraph "82" of the Complaint.

83.    Denies the allegations contained in Paragraph "83" of the Complaint.

NINTH CAUSE OF ACTION
(Breach of Contract for Wasik's Failure to Pay His Promissory Notes)

84.    Repeats and realleges the responses to Paragraph "1" through "83" of the Complaint in response to Paragraph "84" of the Complaint.

85.    Admits the allegations contained in Paragraph "85" of the Complaint.

86.    Denies the allegations contained in Paragraph "86" of the Complaint.

87.    Denies the allegations contained in Paragraph "87" of the Complaint.

TENTH CAUSE OF ACTION
(For Attorneys' Fees Incurred in Enforcing the Agreement and Promissory Notes)

88.    Repeats and realleges the responses to Paragraph "1" through "87" of the Complaint in response to Paragraph "88" of the Complaint.

89.    Denies the allegations contained in Paragraph "89" of the Complaint, and respectfully refer the Court to the Proprietary Information and Developments Agreement for a complete and accurate statement of its contents.

90.    Denies the allegations contained in Paragraph "90" of the Complaint.

91.    Denies the allegations contained in Paragraph "91" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

92.    The Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

93.    Mr. Wasik has tendered payment in full on the outstanding promissory notes.

### THIRD AFFIRMATIVE DEFENSE

94.    Mr. Wasik has not disclosed or used Houlihan's alleged proprietary information to solicit Houlihan's clients, prospects or employees.

### FOURTH AFFIRMATIVE DEFENSE

95.    If Plaintiffs sustained damages, which Mr. Wasik denies, the same were not due or caused by the fault, lack of care, negligence, recklessness, carelessness or breach of any duty on the part of Mr. Wasik.

### FIFTH AFFIRMATIVE DEFENSE

96.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to mitigate, minimize or avoid any damage it allegedly sustained.

### SIXTH AFFIRMATIVE DEFENSE

97.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

98.    Whatever damages were sustained by Plaintiffs, if any, were caused by the active, direct and proximate negligence of others and accordingly, in the event that Mr. Wasik is found to be liable to Plaintiffs, Mr. Wasik will be entitled to indemnification, contribution and/or apportionment.

### EIGHTH AFFIRMATIVE DEFENSE

99.    Mr. Wasik reserves the right to assert, at a later date, any affirmative defenses not asserted herein, that further investigation may prove viable against Plaintiffs.

**WHEREFORE**, Defendant Kenneth A. Wasik respectfully demands judgment in his favor and against Plaintiffs as follows:

(A)    dismissing the Complaint; and

(B)    awarding Defendant such further relief as the Court deems just, equitable and proper, together with costs, disbursements, attorneys' fees, if appropriate.

Dated: Uniondale, New York
      August 24, 2007

Respectfully submitted,

FARRELL FRITZ, P.C.

By:_____
    Domenique Camacho Moran (DM 1048)
    Debbie Chun (DC 6236)
    1320 RexCorp Plaza
    Uniondale, New York 11556-0120
    (516) 227-0700

*Attorneys for Defendant Kenneth A. Wasik*

TO:    Steven B. Feigenbaum
      Levi Lubarsky & Feigenbaum LLP
      1185 Avenue of the Americas, 17th Fl.
      New York, New York 10036
      (212) 308-6100