```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC.
and HLHZ INVESTMENTS, LLC,

                Plaintiffs,

     -against-

KENNETH A. WASIK,

                Defendant.

---

Case No. 07 CV 7030 (SHS)

CONFIDENTIALITY
STIPULATION AND ORDER

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the parties herein, and so ordered by the Court, as follows:

    1.    This Stipulation and Order applies to all discovery, information, data, documents (including any form of electronic, magnetic, or optical storage media), testimony, answers, premises and things, as contemplated by the Federal Rules of Civil Procedure (hereinafter "Litigation Materials") produced or made available in this action by the parties and non-parties, including information disclosed during discovery, any hearing, deposition, trial or appeal.

    2.    Litigation Materials and the information therein shall be used solely for the purpose of preparing for and conducting this litigation, and, except as provided herein, shall not be disclosed or used for any other purpose without further Order of the Court.

    3.    Any party or non-party producing or disclosing Litigation Materials (a "Producer") may designate as "Confidential" any Litigation Materials, or portions thereof, that the Producer believes, in good faith, constitute or contain non-public, proprietary, confidential

business or financial information, not generally known to, and that the Producer would not ordinarily reveal to, third parties.

4. A Producer may designate Litigation Materials as "Confidential" by:

   a. advising in writing of such designation before or concurrently with the disclosure of the Litigation Materials to the other party; or

   b. marking the materials "Confidential."

5. A Producer may retroactively designate as "Confidential" previously produced Litigation Materials that were not so designated, subject to the following conditions:

   a. Such a retroactive designation shall be effective only in the case of inadvertent failure to so designate the Litigation Materials in question when originally produced, and the Producer or its counsel shall certify in writing the fact of such inadvertent failure to designate before any retroactive designation shall be effective; and

   b. A Producer may not use a retroactive designation to vex or harass a party, and no such retroactive designation shall be effective to limit a party's contemplated use of the materials in question at any deposition, hearing, or trial if the retroactive designation is made less than seventy-two (72) hours before the scheduled commencement of such deposition, hearing or trial.

6. A party or its counsel may designate deposition or other testimony as "Confidential" by any one of the following means:

    a.    stating orally on the record, with reasonable precision as to the designated testimony, on the day the testimony is given that this information is "Confidential"; or

    b.    sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as "Confidential" within fifteen (15) calendar days after receiving the transcript, during which time the deposition or testimony at issue shall be treated as confidential.

7.    Litigation Materials designated "Confidential," any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

    a.    the Court (including clerks and other Court personnel);

    b.    outside counsel to the parties, including co-counsel of record, and the partners, associates, legal assistants and clerical or other support staff who are employed by such outside counsel;

    c.    in-house counsel and attorneys, paralegals, clerical and other staff employed by such counsel for the parties who are assisting in the prosecution or defense of the litigation;

    d.    court reporters who record deposition or other testimony in the litigation;

    e.    experts or consultants retained in connection with the litigation, provided that such expert or consultant (i) is not a business competitor of or consultant or business advisor to any business competitor of any party to

3

this litigation, their subsidiaries or affiliates, and (ii) is using such information solely in connection with this litigation;

  f. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof; and

  g. any other person, upon written consent of the Producer.

  8. Before any person in paragraph 7(e) is given access to Litigation Materials designated "Confidential," that person shall be provided with a copy of this Stipulation and shall acknowledge in a written statement (in the form attached as Exhibit "A") that he or she has read the Stipulation and agrees to be bound by the terms thereof.

  10. Nothing in this Stipulation shall prevent any party from disclosing or using its own Confidential Litigation Materials as it deems appropriate. Any such disclosure shall not be deemed a waiver of any other party's rights or obligations under the Stipulation.

  11. If Litigation Materials designated "Confidential," or quotations from or references to such materials, are to be included in papers filed with or otherwise disclosed to the Court or in argument to the Court, such papers or the transcripts of such argument shall be filed with the Court in an envelope or container labeled "Confidential -- Subject to Confidentiality Stipulation and Protective Order," bearing the caption of this action and indicating that the material enclosed is confidential, is for use by the Court only, and is to be maintained under seal pursuant to the terms of this Stipulation and Order. Such papers shall be kept under seal, and unless otherwise ordered by the Court, shall not be disclosed to any person without the written consent of the party or person who designated as "Confidential" the Litigation Materials quoted from or referred to.

4

12. In the event that a party wishes to show "Confidential" material to a non-party deposition witness during the course of a deposition in this action, that party may do so provided the witness affirms on the record to be governed by the terms set forth herein.

13. By this Stipulation, the parties do not waive any right to object to any discovery request, to object to the admission of evidence on any ground, to seek a protective order, or to seek relief from the Court from any provision of this Stipulation by application on notice.

14. If any party to this Stipulation objects to the designation of any Litigation Materials as "Confidential," the party shall first state the objection by letter to the Producer. The parties agree to confer in good faith by telephone or in person to resolve any dispute concerning the terms or operation of this Stipulation. If the parties are unable to resolve such dispute, the party who objects to the designation of the materials as "Confidential" may move for a protective order, in which case the Litigation Materials shall be submitted to the Court for an in camera inspection to determine whether the Litigation Materials justify the designation. Until the Court rules on the motion, the Litigation Materials in question shall continue to be treated as confidential.

15. Within thirty (30) days of the conclusion of this action or upon other agreement of the parties, all Litigation Materials designated "Confidential," and all copies thereof, shall be destroyed, except that counsel may retain their work product and copies of court filings, official transcripts and exhibits, provided the retained documents will continue to be treated as "Confidential" as provided in this Stipulation.

16. The inadvertent production of any documents or other information during discovery in this lawsuit shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, and

5

no party shall be held to have waived any rights by such inadvertent production. If a Producer provides written notice that a document or information previously produced by the Producer is privileged or protected work product and states that the production of that document or information was inadvertent, the party who received the document or information (the "Receiving Party") shall promptly return the protected document. If the Receiving Party objects to the return of the protected document, the Receiving Party shall serve a written objection on the Producer within three (3) business days of receiving notice that the document or other material was inadvertently produced and is allegedly privileged or otherwise protected work product. The Receiving Party shall make no use of the document or information pending a determination by the Court as to the propriety of a claim of privilege or such other protection that may be relevant. Counsel for the Receiving Party and the Producer will confer in a good faith effort to resolve the dispute without Court intervention. If the dispute is not resolved within ten (10) business days of the Producer's receipt of the Receiving Party's written objection (or a shorter time if the producing or receiving party believes, in good faith, time is of the essence), either the Producer or the Receiving Party may invoke the Court rules and procedures for raising discovery disputes.

17. The parties may modify the provisions of this Stipulation at any time by written stipulation.

18. In the event anyone (a "Recipient") covered by this Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by a person not a party to this Litigation, and is requested to produce or otherwise disclose discovery material, including "Confidential" material that was designated "Confidential," the Recipient shall give prompt written notice to the person who designated the material as "Confidential" and object to production on the grounds of this

6

Stipulation and Order. Should the person seeking access to the discovery material take action against the Recipient to enforce such a subpoena, demand or other legal process, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing in this Stipulation shall require anyone covered by the Stipulation to resist a motion to compel production other than by filing the objections referenced in this paragraph or to be subjected to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

19.   The parties acknowledge and agree that if any party breaches, or threatens to breach, any of the provisions of this Stipulation, each non-breaching party shall have the right to have the Stipulation specifically enforced (without posting any bond), including but not limited to the right to a preliminary and permanent injunction against the breaching party enjoining any such actual or threatened breaches, which the parties agree and acknowledge will cause irreparable injury to the non-breaching party for which money damages will not provide an adequate remedy. The foregoing right and remedy shall be in addition to, and not in lieu of, any other rights and remedies available to the non-breaching party under law or in equity.

Dated: New York, New York          LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
Steven B. Feigenbaum

Dated: Uniondale, New York          FARRELL FRITZ, P.C.

By: _____
Doménique Camacho Moran

This order may be amended for good cause shown. SO ORDERED 10/4/07

_____
SIDNEY H. STEIN
U.S.D.J.

SO ORDERED this _____
day of _____, 2007

_____
U.S.D.J.

8

## EXHIBIT A

I have read the foregoing Confidentiality Stipulation and Order, understand its terms, and agree to be bound by all provisions thereof. I agree to maintain in confidence all confidential information disclosed to me, and I will not disclose such information to anyone not authorized to receive it. In all matters relating to the Confidentiality Stipulation and Order, I agree to be subject to the jurisdiction of the federal and state courts within the United States District Court for the Southern District of New York.

_____
Print Name

_____
Signature

Dated: _____

Address:

_____

_____