Steven B. Feigenbaum (SF-1711)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Plaintiffs
Houlihan, Lokey, Howard & Zukin, Inc. and
HLHZ Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC.
and HLHZ INVESTMENTS, LLC,

                Plaintiffs,

-against-

KENNETH A. WASIK,

                Defendant.
_____

Case No. 07 CV 7030 (SHS)

RULE 56.1 STATEMENT

       In accordance with Rule 56.1(a) of the Local Civil Rules of the United States District Court for the Southern District of New York, plaintiffs Houlihan, Lokey, Howard & Zukin, Inc. ("Houlihan") and HLHZ Investments, LLC ("HLHZ") submit the following statement of material facts as to which plaintiffs contend there is no genuine issue to be tried:

       1.     On or about May 25, 2006, while employed at Houlihan, defendant Kenneth A. Wasik ("Wasik") issued a promissory note to Houlihan in the principal amount of $200,000. (Declaration of Christopher Crain dated October 24, 2007 ("Crain Decl.") ¶3; Ex. C)[1]

       2.     By its terms, the entire balance of principal and accrued interest on the May 25, 2006 note became due and payable on April 30, 2007. (Crain Decl. ¶3; Ex. C)

---

[1] References to "Ex. __" are to the exhibits to Mr. Crain's October 24, 2007 declaration.

3. On or about June 1, 2006, while employed at Houlihan, Wasik issued a promissory note of that date to HLHZ in the principal amount of $345,000. (Crain Decl. ¶3; Ex. D)

4. The entire balance of principal and accrued interest on the June 1, 2006 note to HLHZ for $345,000 became due and payable upon a "Separation Event" as defined in the original Stockholders Agreement of Fram Holdings, Inc. ("Fram"), a definition that includes Wasik's termination of employment at Houlihan for any reason. (Crain Decl. ¶3; Ex. D)

5. On or about June 1, 2006, while employed at Houlihan, Wasik issued a second promissory note of that date to HLHZ, in the principal amount of $36,688.75. (Crain Decl. ¶3; Ex. E)

6. The entire balance of principal and accrued interest on the June 1, 2006 promissory note to HLHZ for $36,688.75 likewise became due and payable upon a "Separation Event" as defined in Fram's original Stockholders Agreement. (Crain Decl. ¶3; Ex. E)

7. Wasik issued the May 25, 2006 promissory note to Houlihan, and the June 1, 2006 promissory notes to HLHZ, in connection with loans that Houlihan and HLHZ extended to him to enable him to purchase shares of Fram, which is an affiliate of Houlihan and HLHZ. (Crain Decl. ¶3)

8. Each of Wasik's promissory notes states that "Maker [Wasik] agrees to pay all costs and expenses of collection, including attorneys' fees, in the event this Note is not paid when due and whether or not suit is filed." (Crain Decl. ¶4; Ex. C at 2; Ex. D at 2; Ex. E at 2)

9. Wasik resigned from Houlihan effective May 21, 2007. (Crain Decl. ¶5)

10. Wasik's resignation from Houlihan triggered his obligation to pay the entire balance of principal and accrued interest on his two June 1, 2006 notes to HLHZ. (Crain Decl. ¶5)

11. At the time he resigned from Houlihan, Wasik was already obligated to pay the entire balance of principal and accrued interest on the May 25, 2006 note to Houlihan, which by its terms had become due on April 30, 2007. (Crain Decl. ¶5)

12. By letter dated May 24, 2007 to Wasik from Christopher Crain, Houlihan's General Counsel ("Crain"), Houlihan and HLHZ demanded full payment from Wasik on his May 25, 2006 note to Houlihan, and his two June 1, 2006 notes to HLHZ. (Crain Decl. ¶6; Ex. F)

13. As of the time this action was brought, on August 6, 2007, Wasik had not made any payment on any of his promissory notes to Houlihan and HLHZ. (Crain Decl. ¶7)

14. In early August 2007, shortly after this action was commenced, Wasik tendered a check dated August 7, 2007 to HLHZ for the aggregate amount of principal and interest owing on his promissory notes to Houlihan and HLHZ as of August 2, 2007. (Crain Decl. ¶8)

15. HLHZ deposited Wasik's check on October 2, 2007. (Crain Decl. ¶12)

16. On October 9, 2007, HLHZ's bank informed an HLHZ representative that Wasik's bank had placed a stop payment on his August 7 check, and HLHZ was accordingly unable to cash the check. (Crain Decl. ¶12)

17. On October 10, 2007, Crain sent an e-mail to Wasik, with a copy to Wasik's counsel, informing him that his bank had placed a stop payment on his August 7 check, asking him if he would either remove the stop payment or send plaintiffs a new check, and

asking him to let Crain know whether he had placed the stop payment deliberately or whether he otherwise did not intend to repay his notes. (Crain Decl. ¶13, Ex. H)

18. As of October 24, 2007, neither Wasik nor anyone on his behalf had responded to Crain's October 10 e-mail. (Crain Decl. ¶14)

19. On October 18, 2007, Fram exercised its option under its second amended and restated Stockholders' Agreement, to which Wasik was a party, to purchase Wasik's holdings of Fram's Series B common stock at an aggregate purchase price of $61,060. (Crain Decl. ¶15; Ex. I)

20. In accordance with the terms of Wasik's promissory notes, Fram, as required, delivered the proceeds of its purchase of Wasik's Series B shares directly to Houlihan and HLHZ as partial payment of the outstanding balance on Wasik's promissory notes to Houlihan and HLHZ. (Crain Decl. ¶15; Ex. A at 2; Ex. B at 2; Ex. C at 2)

21. As of October 24, 2007, and taking into account the proceeds of Fram's purchase of Wasik's Fram Series B common stock and additional accrued interest, the combined balance of principal and interest due on Wasik's three promissory notes was $430,393.10. (Crain Decl. ¶16; Ex. J)

22. No part of the foregoing amount has been paid, despite plaintiffs' demands for payment. (Crain Decl. ¶16)

23. Under the terms of each of his promissory notes, Wasik is liable to Houlihan and HLHZ for their costs and attorneys' fees incurred in collecting on the notes. (Crain Decl. ¶¶4, 17; Ex. C at 2; Ex. D at 2; Ex. E at 2)

Dated:     New York, New York
           October 24, 2007

                                          LEVI LUBARSKY & FEIGENBAUM LLP

                                          By: _____
                                               Steven B. Feigenbaum (SF-1711)
                                        1185 Avenue of the Americas, 17th Floor
                                        New York, New York 10036
                                        (212) 308-6100
                                        Attorneys for Plaintiffs Houlihan, Lokey,
                                        Howard & Zukin, Inc. and HLHZ Investments, LLC