Steven B. Feigenbaum (SF-1711)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Plaintiffs
Houlihan, Lokey, Howard & Zukin, Inc.
and HLHZ Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC.
and HLHZ INVESTMENTS, LLC,

                    Plaintiffs,

            -against-

KENNETH A. WASIK,

                    Defendant.

Case No. 07 CV 7030 (SHS)

DECLARATION IN
SUPPORT OF MOTION FOR
<u>SUMMARY JUDGMENT</u>

---

       I, Christopher Crain, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

       1.    I am Senior Vice President, General Counsel of plaintiff Houlihan, Lokey, Howard & Zukin, Inc. ("Houlihan"). I make this declaration in support of the motion under Fed. R. Civ. P. 56 by Houlihan and plaintiff HLHZ Investments, LLC ("HLHZ"), of which Houlihan is Manager, for summary judgment against defendant Kenneth A. Wasik ("Wasik") on plaintiffs' ninth cause of action, for failure to pay on certain promissory notes, and on part of plaintiffs' tenth cause of action, for attorneys' fees and other costs incurred in enforcing those notes. I base the statements in this declaration on my personal knowledge or my review of plaintiffs' records.

2.  The circumstances that gave rise to this action are set forth in plaintiffs' August 6, 2007 complaint, a copy of which is annexed as Exhibit A. (Wasik's amended answer, dated September 6, 2007, is annexed as Exhibit B.) Given the straightforward nature of plaintiffs' ninth and tenth causes of action, I do not repeat all of those circumstances here, but focus instead on the facts underlying those specific claims. None of those facts can legitimately be disputed.

A.  <u>Wasik's Issuance of the Promissory Notes</u>

3.  In 2006, during his employment at Houlihan, Wasik issued two separate promissory notes to HLHZ, and one to Houlihan, in return for loans that the companies extended to him to enable him to purchase shares of stock in Fram Holdings, Inc. ("Fram"), an affiliate of Houlihan and HLHZ. The notes, copies of which are annexed as Exhibits C, D and E, respectively, consist of the following:

(i) A May 25, 2006 note issued to Houlihan in the principal amount of $200,000, whose entire balance of principal and accrued interest was, by its terms, due and payable on April 30, 2007;

(ii) A June 1, 2006 note issued to HLHZ in the principal amount of $345,000, whose entire balance of principal and accrued interest became due and payable upon a "Separation Event" as defined in Fram's original Stockholders Agreement, a definition that includes Wasik's termination of employment at Houlihan for any reason; and

(iii) A June 1, 2006 note issued to HLHZ in the principal amount of $36,688.75, whose entire balance of principal and interest likewise became due and payable upon Wasik's termination of employment at Houlihan, as a "Separation Event."

4.  Each of the notes states, among other things, that "Maker [Wasik] agrees to pay all costs and expenses of collection, including attorneys' fees, in the event this Note is not paid when due and whether or not suit is filed." (Ex. C at 2; Ex. D at 2; Ex. E at 2)

B.  Wasik's Failure to Pay on the Notes

5.  Effective May 21, 2007, Wasik resigned from Houlihan, triggering his obligation to pay the entire balance of principal and interest on the June 1, 2006 notes. Wasik was by then already obligated to pay the entire balance of principal and interest on the May 25, 2006 note, which by its terms had become due on April 30, 2007.

6.  On or about May 24, 2007, I sent Wasik a letter of that date, on behalf of HLHZ and Houlihan, demanding payment in full of all amounts then due under his three notes. (A copy of the letter is annexed as Exhibit F.) I never received a formal response to that letter, whether from Wasik or anyone on his behalf.

7.  Only in or around the end of July, after the parties had been unable to reach a global resolution of the matters underlying plaintiffs' claims, did Wasik, through counsel, say that he intended to pay off the notes. Wasik's counsel went so far as to request a calculation of the total amount owing on each of the notes and wire instructions for the account to which payment should be sent. That information was sent to Wasik's counsel on August 1, 2007. By August 6, however, when plaintiffs commenced this action, Wasik had still not made any payment on the notes.

8.  Shortly after plaintiffs commenced this action, and approximately one week before the mediation held with Magistrate Judge Eaton on August 16, 2007, Wasik tendered a check dated August 7, 2007, made payable to HLHZ, for the combined balance on the three notes as of August 2, 2007, which was the same amount conveyed to Wasik's counsel on

August 1, 2007. Plaintiffs had not deposited the check by the time of the mediation, which I attended on plaintiffs' behalf with plaintiffs' outside counsel.

9. After the mediation, and while the parties were still at the courthouse, I discussed the check with Wasik's counsel, Domenique Camacho Moran. Ms. Moran told me that while Houlihan and HLHZ could deposit the check if they so chose, she believed that doing so would make it that much harder to settle the litigation. In the hope that the matter could still be amicably resolved, Houlihan and HLHZ chose to forego depositing Wasik's check for the time being.

10. About five weeks later, on or about September 21, 2007, the representatives of Fram's Series A common stockholders informed Wasik of their interest in exercising their right under Fram's second amended and restated Stockholders' Agreement, to which Wasik and other shareholders are parties, to offer to purchase for cash, at a discount, Wasik's holdings of Fram Series A common stock. Although Wasik indicated that he was prepared to accept that offer, the Series A representatives, who had explicitly stated their right to revoke the offer at any time before signing the stock purchase agreement, ultimately decided not to proceed with the purchase of Wasik's shares.

11. By e-mail dated October 2, 2007 (annexed as Exhibit G), I informed Wasik of the Series A representatives' decision. I also told him that Houlihan and HLHZ would proceed to deposit his August 7 check and apply the money to the principal and interest owing on his three promissory notes.

12. On October 2, 2007, HLHZ did, in fact, deposit Wasik's August 7 check. A week later, however, on October 9, HLHZ's bank informed an HLHZ representative, who in

turn informed me, that Wasik's bank had placed a "stop payment" on the check. HLHZ was accordingly unable to cash the check.

13. The next day, October 10, I sent Wasik an e-mail (annexed as Exhibit H), with a copy to Ms. Moran, his counsel, informing him that his bank had placed a stop payment on his August 7 check and asking him if he would either remove the stop payment or send plaintiffs a new check. I also asked him to let me know whether he had placed the stop payment deliberately or whether he otherwise did not intend to repay his notes.

14. To date, neither Wasik nor anyone on his behalf has responded to my October 10 e-mail. Houlihan and HLHZ have as a result been left with no choice but to assume that Wasik has no intention of voluntarily repaying the notes. Because there is no valid basis on which Wasik can avoid his obligation to repay the notes, summary judgment on plaintiffs' ninth cause of action, to enforce the notes, is appropriate.[1]

15. As of August 2, 2007, when HLHZ was told that Wasik would repay the notes, the combined balance of principal and interest on Wasik's notes was $483,178.19. Since that time, on or about October 18, Fram has exercised its option under its second amended and restated Stockholders' Agreement to purchase Wasik's holdings of Fram's Series B common stock at an aggregate purchase price of $61,060.00. (Annexed as Exhibit I is the October 18, 2007 letter from Michael E. Cousins, Fram's Executive Vice President and CFO, to Wasik informing Wasik of Fram's purchase of his Series B shares.) In accordance with the terms of Wasik's notes (see Exs. C, D and E at p. 2), Fram, as required, delivered the proceeds of its

---

[1] In his amended answer, Wasik asserts as an affirmative defense to plaintiffs' claim to enforce the notes that he had "tendered payment in full on the outstanding promissory notes." (Ex. B at ¶93) Given the "stop payment" placed on the check that Wasik sent to HLHZ, that defense has obviously been shown to be invalid.

purchase directly to Houlihan and HLHZ as partial payment of the outstanding balance on Wasik's notes.

16. As of October 24, 2007, and taking into account the proceeds of Fram's purchase of Wasik's Series B common stock and additional accrued interest, the combined balance of principal and interest due on Wasik's notes is $430,393.10, as evidenced by the spreadsheet annexed as Exhibit J. No part of that amount has been paid, despite plaintiffs' demands for payment. Interest on the notes, meanwhile, continues to accrue at the variable rates set forth in the notes.

C. Plaintiffs' Contractual Entitlement to Their Costs of Collection on the Notes, Including Their Attorneys' Fees

17. As noted, under the terms of each of his promissory notes, Wasik is liable to plaintiffs for their costs incurred in collecting on the notes, including their attorneys' fees. (See Exs. C, D and E at p. 2.) At the appropriate time, plaintiffs will provide the Court with the invoices and other documents evidencing their attorneys' fees and other collection costs.

18. Plaintiffs are accordingly entitled to summary judgment on their tenth cause of action against Wasik, for their attorneys' fees and other costs of collection incurred as a result of his failure to pay his promissory notes when due.

Executed at Los Angeles, California on October 24, 2007

_____
CHRISTOPHER CRAIN