# RECOURSE

# PROMISSORY NOTE

$38,688.75                                                                                                                June 1, 2006

For value received, Kenneth Wasik ("Maker") promises to pay to the order of HLHZ Investments, LLC ("Holder") at 1930 Century Park West, Los Angeles, California, or at such other place as the holder hereof may designate in writing from time to time, the principal sum of Thirty-eight thousand, six hundred and eighty-eight dollars and seventy-five cents ($38,688.75) in lawful money of the United States of America, with interest on the unpaid principal balance of this Promissory Note ("Note"), from the date hereof until April 30, 2009, at the rate (the "Applicable Rate") equal to the cost of borrowing of ORIX USA Corporation ("ORIX") (as certified by an officer of ORIX pursuant to the Loan Agreement dated as of January 1, 2006 by and among the borrowers identified therein and ORIX), which shall be reset as of the first day of January, April, July and October of each year, commencing on July 1, 2006. If the Applicable Rate is not determined for any such date, then the then-current Applicable Rate shall remain in effect.

Principal shall be payable in three annual installments of Twelve thousand, eight hundred and ninety-six dollars and twenty-five cents ($12,896.25) on April 30 of each year, commencing on April 30, 2007 (each, a "Principal Payment Date"). Interest shall be payable, in arrears, quarterly on the last day of March, June, September and December of each year, commencing on September 30, 2006 (each, an "Interest Payment Date"). The entire balance of unpaid principal and accrued interest shall be due and payable on April 30, 2009. Each payment hereunder shall be credited first to accrued interest and then to principal, and interest shall then cease on the portion of the principal credited.

Maker and Holder intend to comply with all applicable usury laws. In fulfilling this intention, all agreements between Maker and Holder are expressly limited so that the amount of interest paid or agreed to be paid to Holder for the use or forbearance of money under this Note shall not exceed the maximum amount permissible under applicable law. If for any reason payment of any amount required under this Note shall be prohibited by law, the obligation shall be reduced to the maximum allowed by law. If for any reason Holder receives as interest an amount that would exceed the highest lawful rate, the amount that would be excessive interest shall be applied to the reduction of the principal of this Note and not to the payment of interest. If any conflict arises between this provision and any provision of any other agreement between Maker and Holder, this provision shall control. Time is of the essence for every obligation under this Note.

Maker may prepay this Note, in whole or in part, at any time and from time to time without premium or penalty. No prepayment shall extend or postpone the due date.

The principal sum and all unpaid accrued interest thereon shall become automatically due and payable (i) should a petition be filed or any proceeding be commenced by or against Maker or any endorser or guarantor hereof under any bankruptcy, insolvency or similar law or should Maker take any action authorizing the same, or (ii) upon a Separation Event (as defined in the Stockholders Agreement, dated as of January 1, 2006 by and among Fram Holdings, Inc. ("Fram"), the stockholders identified therein and ORIX USA Corporation, (as amended, the "Stockholders Agreement")) with respect to Maker. Upon any other default, Holder may, at its option, declare the principal sum and all unpaid interest accrued thereon to be immediately due

and payable, without notice or demand. Other defaults shall include: (a) the failure of Maker to pay any installment of interest or principal when due; (b) the failure of Maker to pay any other indebtedness to Holder when due; (c) the failure of Maker to perform hereunder or under any other obligation due Holder; (d) the making of any assignment for the benefit of creditors by Maker, or any endorser or guarantor hereof; (e) the death of Maker or any endorser or guarantor hereof; and (f) a garnishment summons, writ of attachment or similar order is issued against any property of Maker or any endorser or guarantor hereof.

Maker agrees to pay all costs and expenses of collection, including attorneys' fees, in the event this Note is not paid when due and whether or not suit is filed. Maker and any endorser or guarantor hereof (a) consent to renewals, replacements and extensions of time for payment hereof before, at or after maturity, (b) consent to the acceptance or substitution of any security for this Note, (c) waive diligence, presentment, demand, protest and notice of every kind, and (d) waive, to the full extent permitted by law, the right to plead any statute of limitations as a defense to any demand made in connection with this Note.

Holder's failure, at any time or times hereafter, to require strict performance by Maker of any provision or term of this Note shall not waive, affect or diminish any right of Holder thereafter to demand strict compliance and performance herewith. None of the undertakings of Maker under this Note shall be deemed to be suspended or waived by Holder unless such suspension or waiver is in writing, signed by Holder and delivered to Maker.

The due payment of Maker's indebtedness under this Note shall be without regard to any counterclaim, right of setoff, or any other claim that Maker may have against Holder, and without regard to any other obligation of any nature that Holder may have to Maker, and no such counterclaim, setoff, or claim shall be asserted by Maker in any action, suit, or proceeding instituted by Holder for payment of the amount due under this Note.

Maker hereby agrees that any due and unpaid amounts under this Note may be paid directly from any sum or sums Fram (or any affiliate of Fram) may owe to Maker, including from the purchase or redemption of shares of Fram held by Maker. In addition, as an inducement to Holder to enter into this Note, Maker is simultaneously executing the Assignment of Wages in substantially the form of Appendix A. Any limitation or insufficient funds pursuant to the Assignment of Wages shall have no effect on the obligation of the Maker to pay the principal and interest on the Principal Payment Date and Interest Payment Date, respectively.

Maker agrees that he, she or it shall not transfer any shares of Fram held by Maker or a revocable trust controlled by Maker pursuant to Sections 4.1.1(d), 4.1.1(e), 4.1.1(f)(2), 4.1.1(f)(3), 4.1.1(h) or 4.1.2 of the Stockholders Agreement, without the prior written consent of Holder (which consent may be given, withheld or made subject to such conditions as Holder shall determine in its sole discretion). The principal sum and all unpaid accrued interest thereon shall become automatically due and payable upon any transfer or sale of shares of Fram held by Maker, other than any transfer of Maker's shares of Fram pursuant to Section 4.1.2 of the Stockholders Agreement and any of Maker's shares of Series B common stock of Fram that are purchased or redeemed by Fram pursuant to Section 2.1.1(b) of the Stockholders Agreement. In addition, Maker agrees that Maker shall use the proceeds from any transfer or sale of the shares of Fram held by Maker to pay or prepay the principal and interest hereunder, and in furtherance herewith agrees to direct ORIX, Fram or the Series A Representatives (as defined in the Stockholders Agreement), as applicable, to pay directly to Holder amounts payable by it to Maker in connection with the redemption or purchase of shares of Fram to repay all interest and principal outstanding on this Note.

This Note may be assigned, or a participation interest in this Note may be granted, in whole or in part, by Holder to any other person without the consent of, or notice to, Maker. This Note may not be assigned or transferred by Maker and any such attempted assignment or transfer shall be void ab initio and shall constitute a breach of the terms of this Note.

This Note shall be governed by the laws of the State of California. If any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, and shall not invalidate the remainder of such provision or the remaining provisions of this Note.

"Maker":

_____
Kenneth Wasik

"Holder":
HLHZ Investments, LLC
By: Houlihan, Lokey, Howard & Zukin, Inc., its Manager

By: _____Ken Wasik_____
Title: _____MD_____