Steven B. Feigenbaum (SF-1711)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Plaintiffs
Houlihan, Lokey, Howard & Zukin, Inc.
and HLHZ Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC.
and HLHZ INVESTMENTS, LLC,

        Plaintiffs,

   -against-

KENNETH A. WASIK,

        Defendant.

Case No. 07 CV 7030 (SHS)

---

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION UNDER FED. R. CIV. P. 56 FOR PARTIAL SUMMARY JUDGMENT

LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Plaintiffs
Houlihan, Lokey, Howard & Zukin, Inc.

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................................1

THE FACTS ..................................................................................................................................3

      A.      Wasik's Issuance of the Promissory Notes............................................................3

      B.      Wasik's Failure to Pay on the Notes .....................................................................4

ARGUMENT..................................................................................................................................7

      BECAUSE THERE IS NO ISSUE OF FACT AS TO WASIK'S DEFAULT
      ON HIS PROMISSORY NOTES, PLAINTIFFS ARE ENTITLED TO
      SUMMARY JUDGMENT ON THEIR NINTH CAUSE OF ACTION, FOR
      ENFORCEMENT OF THE NOTES, AND ON THAT PART OF THEIR
      TENTH CAUSE OF ACTION SEEKING THEIR ATTORNEYS' FEES
      AND OTHER COSTS OF COLLECTION ........................................................................7

      A.      Plaintiffs are Entitled to Summary Judgment on their
              Claim for Enforcement of Wasik's Promissory Notes ...........................................7

      B.      Plaintiffs are Entitled to Summary Judgment on that Part
              of the Tenth Cause of Action that Seeks Attorneys' Fees and
              Other Costs Incurred in Collecting on Wasik's Promissory Notes..........................9

CONCLUSION.............................................................................................................................10

Steven B. Feigenbaum (SF-1711)
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York  10036
(212) 308-6100
Attorneys for Plaintiffs
Houlihan, Lokey, Howard & Zukin, Inc.
and HLHZ Investments, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HOULIHAN, LOKEY, HOWARD & ZUKIN, INC.
and HLHZ INVESTMENTS, LLC,                                Case No. 07 CV 7030 (SHS)

                              Plaintiffs,

                 -against-

KENNETH A. WASIK,

                              Defendant.
_____

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

        Plaintiffs Houlihan, Lokey, Howard & Zukin, Inc. ("Houlihan") and HLHZ Investments, LLC ("HLHZ") submit this memorandum of law in support of their motion under Fed. R. Civ. P. 56 for summary judgment on (i) the ninth cause of action in their complaint, to enforce certain promissory notes issued to them by defendant Kenneth A. Wasik ("Wasik"), and (ii) the tenth cause of action, for attorneys' fee and other costs incurred in enforcing the notes.

PRELIMINARY STATEMENT

        Houlihan and HLHZ commenced this action on August 6, 2007 to enjoin Wasik, an investment banker and former employee of Houlihan's who in May 2007 misappropriated vast amounts of Houlihan's proprietary information, from committing further violations of his

contractual and fiduciary obligations to the company and for compensatory damages resulting from Wasik's misconduct. Houlihan and HLHZ, of which Houlihan is Manager, also brought a claim against Wasik to enforce three separate promissory notes -- one to Houlihan for $200,000, and two to HLHZ for $345,000 and $36,688.75, respectively -- that Wasik had issued to them in 2006 in return for loans that the companies gave him to enable him to buy shares in Fram Holdings, Inc. ("Fram"), an affiliate of Houlihan and HLHZ. Wasik's note to Houlihan became due and payable, by its terms, on April 30, 2007. His notes to HLHZ became due and payable upon Wasik's resignation from Houlihan on May 21, 2007. All three notes state that Wasik, as maker, is liable to Houlihan and HLHZ for their attorneys' fees and other costs incurred in the event the notes are not paid when due.

To this day, however, Wasik has failed to pay any of the principal and interest due on his three notes, despite plaintiffs' demands that he do so. Although Wasik tendered a check to HLHZ, just after this lawsuit was commenced, for the aggregate balance of principal and interest on the notes as of August 2, 2007, his bank ultimately placed a stop payment on the check, resulting in HLHZ's inability to cash it. When Houlihan asked Wasik whether the stop payment was a mistake and would be remedied, Wasik never bothered to respond, evincing his lack intention of paying off the notes voluntarily.

Houlihan and HLHZ accordingly now move for summary judgment on their ninth cause of action, for Wasik's breach of his promissory notes, and on that part of their tenth cause of action that seeks their attorneys' fee and other costs incurred in enforcing the notes. There is no dispute that Wasik issued the notes, that the notes have long since become due and owing, and that Wasik has failed to pay the amounts due on the notes. Although Houlihan's claims for

injunctive relief and for other compensatory damages are still being litigated, summary judgment on plaintiffs' claims to enforce Wasik's notes is appropriate at this time.

THE FACTS

The facts underlying this motion are contained in the accompanying October 24, 2007 declaration of Christopher Crain, Houlihan's Senior Vice President and General Counsel ("Crain Decl."). We set forth those facts below.

A.      Wasik's Issuance of the Promissory Notes

In 2006, during his employment at Houlihan, Wasik issued two separate promissory notes to HLHZ, and one to Houlihan, in return for loans that the companies extended to him to enable him to purchase shares of stock in Fram, an affiliate of Houlihan and HLHZ. (Crain Decl. ¶3)[1] The first of Wasik's notes, dated May 25, 2006, was issued to Houlihan in the principal amount of $200,000. Under the terms of the note, the entire balance of principal and accrued interest on the note was due and payable on April 30, 2007. (Crain Decl. ¶3, Ex. C)

Wasik's second and third promissory notes, both dated June 1, 2006, were issued to HLHZ in the principal amounts of $345,000 and $36,688.75, respectively. (Crain Decl. ¶3, Exs. D and E) Both notes to HLHZ contain a provision making the entire balance of principal and interest due and payable upon a "Separation Event" as defined in Fram's original Stockholders Agreement. That definition includes Wasik's termination of employment at Houlihan for any reason. (Id.)

Each of Wasik's three promissory notes also makes Wasik liable for Houlihan's and HLHZ's attorneys fees and other costs of collection in the event Wasik fails to pay the notes when they become due. Each note states: "Maker [Wasik] agrees to pay all costs and expenses

---

[1]      References to "Ex. __" are to the exhibits to Mr. Crain's declaration.

of collection, including attorneys' fees, in the event this Note is not paid when due and whether or not suit is filed." (Crain Decl. ¶4, Ex. C at 2; Ex. D at 2; Ex. E at 2)

B.      Wasik's Failure to Pay on the Notes

Effective May 21, 2007, Wasik resigned from Houlihan, triggering his obligation to pay the entire balance of principal and interest on the June 1, 2006 notes. Wasik was by then already obligated to pay the entire balance of principal and interest on the May 25, 2006 note, which by its terms had become due on April 30, 2007. (Crain Decl. ¶5)

On or about May 24, 2007, Mr. Crain sent Wasik a letter of that date, on behalf of HLHZ and Houlihan, demanding payment in full of all amounts then due under his three notes. (Crain Decl. ¶6, Ex. F) Plaintiffs never received a formal response to that letter, whether from Wasik or anyone on his behalf. (Crain Decl. ¶6)

Only in or around the end of July, after the parties had been unable to reach a global resolution of the matters underlying plaintiffs' claims, did Wasik, through counsel, say that he intended to pay off the notes. Wasik's counsel went so far as to request a calculation of the total amount owing on each of the notes and wire instructions for the account to which payment should be sent. That information was sent to Wasik's counsel on August 1, 2007. By August 6, however, when plaintiffs commenced this action, Wasik had still not made any payment on the notes. (Crain Decl. ¶7)

Shortly after plaintiffs commenced this action, and approximately one week before the mediation held with Magistrate Judge Eaton on August 16, 2007, Wasik tendered a check dated August 7, 2007, made payable to HLHZ, for the combined balance on the three notes as of August 2, 2007, which was the same amount conveyed to Wasik's counsel on August

1, 2007. Plaintiffs had not deposited the check by the time of the mediation, which Mr. Crain attended on plaintiffs' behalf with plaintiffs' outside counsel. (Crain Decl. ¶8)

After the mediation, and while the parties were still at the courthouse, Mr. Crain discussed the check with Wasik's counsel, Domenique Camacho Moran. Ms. Moran told Mr. Crain that while Houlihan and HLHZ could deposit the check if they so chose, she believed that doing so would make it that much harder to settle the litigation. In the hope that the matter could still be amicably resolved, Houlihan and HLHZ chose to forego depositing Wasik's check for the time being. (Crain Decl. ¶9)

About five weeks later, on or about September 21, 2007, the representatives of Fram's Series A common stockholders informed Wasik of their interest in exercising their right under Fram's second amended and restated Stockholders' Agreement, to which Wasik and other shareholders are parties, to offer to purchase for cash, at a discount, Wasik's holdings of Fram Series A common stock. Although Wasik indicated that he was prepared to accept that offer, the Series A representatives, who had explicitly stated their right to revoke the offer at any time before signing the stock purchase agreement, ultimately decided not to proceed with the purchase of Wasik's shares. (Crain Decl. ¶10) By e-mail dated October 2, 2007, Mr. Crain informed Wasik of the Series A representatives' decision. (Crain Decl. ¶11, Ex. G)

Mr. Crain also told Wasik in that e-mail that Houlihan and HLHZ would proceed to deposit Wasik's August 7 check and apply the money to the principal and interest owing on his three promissory notes. (Id.) On October 2, 2007, HLHZ deposited Wasik's August 7 check. A week later, however, on October 9, HLHZ's bank informed HLHZ that Wasik's bank had placed a "stop payment" on the check. HLHZ was accordingly unable to cash the check. (Crain Decl. ¶12)

The next day, October 10, Mr. Crain sent Wasik an e-mail, with a copy to Ms. Moran, Wasik's counsel, informing him that his bank had placed a stop payment on his August 7 check and asking him if he would either remove the stop payment or send plaintiffs a new check. Mr. Crain also asked Wasik to let him know whether he had placed the stop payment deliberately or whether he otherwise did not intend to repay his notes. (Crain Decl. ¶13, Ex. H)  To date, neither Wasik nor anyone on his behalf has responded to Mr. Crain's October 10 e-mail. (Crain Decl. ¶14)

As of August 2, 2007, when HLHZ was told that Wasik would repay the notes, the combined balance of principal and interest on Wasik's notes was $483,178.19. (Crain Decl. ¶15)  Since that time, on or about October 18, Fram has exercised its option under its second amended and restated Stockholders' Agreement to purchase Wasik's holdings of Fram's Series B common stock at an aggregate purchase price of $61,060.00. (Crain Decl. ¶15, Ex. I)  In accordance with the terms of Wasik's notes, Fram, as required, delivered the proceeds of its purchase directly to Houlihan and HLHZ as partial payment of the outstanding balance on Wasik's notes. (Crain Decl. ¶15; see Crain Decl., Exs. C, D and E at p. 2)

As of October 24, 2007, and taking into account the proceeds of Fram's purchase of Wasik's Series B common stock and additional accrued interest, the combined balance of principal and interest due on Wasik's notes is $430,393.10. (Crain Decl. ¶16, Ex. J)  No part of that amount has been paid, despite plaintiffs' demands for payment. Interest on the notes, meanwhile, continues to accrue at the variable rates set forth in the notes. (Crain Decl. ¶16)

ARGUMENT

BECAUSE THERE IS NO ISSUE OF FACT AS TO WASIK'S
DEFAULT ON HIS PROMISSORY NOTES, PLAINTIFFS ARE ENTITLED
TO SUMMARY JUDGMENT ON THEIR NINTH CAUSE OF ACTION, FOR
ENFORCEMENT OF THE NOTES, AND ON THAT PART OF THEIR TENTH CAUSE OF
ACTION SEEKING THEIR ATTORNEYS' FEES AND OTHER COSTS OF COLLECTION

As has long been established, to defeat a motion for summary judgment, the nonmoving party must show that there exists a genuine issue of material fact for resolution at trial. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A defendant cannot defeat a summary judgment motion merely by making far-reaching allegations that are not grounded in fact. E.g., Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S. Ct. 1570 (1987); Anderson, 477 U.S. at 248-49. Issues that are genuine are those that "have a real basis in the record before the court, and most significantly, must be 'material to the outcome of the litigation.'" Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 709 F. Supp. 438, 442 (S.D.N.Y. 1989) (quoting Knight, 804 F.2d at 11, citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). To be material, "the disputed issues must implicate cognizable legal principles upon which recovery may be had." Id. An issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. No such evidence favoring Wasik exists here as to plaintiffs' claims to enforce Wasik's promissory notes and for their attorneys' fees and other costs incurred in doing so.

A.  Plaintiffs are Entitled to Summary Judgment on their
    Claim for Enforcement of Wasik's Promissory Notes

In an action to enforce a promissory note, "[s]ummary judgment is appropriate . . . upon a showing that there is 'no material question concerning execution and default' of the note

in question." Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp., No. CV-06-3951, 2007 U.S. Dist. LEXIS 71083, at *16 (E.D.N.Y. Sep. 25, 2007) (quoting Mulholland v. GMZ Assocs., Ltd., No. 02-CV-8678, 2004 U.S. Dist. LEXIS 3867, at *2 (S.D.N.Y. Mar. 11, 2004)); see also, e.g., Royal Bank of Canada v. Mahrle, 818 F. Supp. 60, 62 (S.D.N.Y. 1993) (granting plaintiff summary judgment in action on promissory note where plaintiff demonstrated the execution of the note and defendant's default).

Based on that simple standard, Houlihan and HLHZ are entitled to summary judgment against Wasik on their claim to collect on Wasik's three promissory notes. There is no issue of fact that Wasik executed the notes (Crain Decl. ¶3, Exs. C, D and E); or that Wasik defaulted on the notes by failing to pay them when due (Crain Decl. ¶¶5-14). No other finding could rationally be made.[2]

Under similar circumstances, district courts have readily granted summary judgment to holders of promissory notes seeking to recover on the maker's default. E.g., Merrill Lynch, 2007 U.S. Dist. LEXIS 71083, at *18-*21 (granting plaintiff summary judgment because there was no dispute that defendant had executed the note and that an event of default under the note had occurred); Mulholland, 2004 U.S. Dist. LEXIS 3867, at *2-*3 (granting summary judgment where evidence established that the defendants had executed and defaulted on the note at issue); United States v. Abady, No. 03 Civ. 1683 (SHS), 2004 U.S. Dist. LEXIS 3775, at *9 (S.D.N.Y. Mar. 11, 2004) (granting summary judgment to government upon proof of indebtedness and default). Plaintiffs are similarly entitled to summary judgment here.

---

[2] In his amended answer, Wasik asserts as an affirmative defense to plaintiffs' claim to enforce the notes that he had "tendered payment in full on the outstanding promissory notes." (Crain Decl. ¶14, n. 1, Ex. B at ¶93) Given the "stop payment" placed on the check that Wasik sent to HLHZ, that defense has obviously been shown to be invalid.

B.  Plaintiffs are Entitled to Summary Judgment on that Part
of the Tenth Cause of Action that Seeks Attorneys' Fees and
Other Costs Incurred in Collecting on Wasik's Promissory Notes

Plaintiffs are also entitled to summary judgment on that part of their tenth cause of action that seeks their attorneys' fees and other costs incurred in enforcing Wasik's promissory notes. "[S]ummary judgment is appropriate in contract actions where the language of the contract is unambiguous." Royal Bank, 818 F. Supp. at 62. Such language "is considered unambiguous 'if it has a definite and precise meaning unattended by the danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion.'" Id. (quoting Metropolitan Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir. 1990)).

Here, each of the notes unambiguously requires Wasik to pay plaintiffs' costs of collection of the notes. Each note states: "Maker [Wasik] agrees to pay all costs and expenses of collection, including attorneys' fees, in the event this Note is not paid when due and whether or not suit is filed." (Crain Decl., Exs. C, D and E at 2) Under New York law, "provisions in promissory notes for the payment of attorney's fees are enforceable." AAI Recoveries, Inc. v. Pijuan, 13 F. Supp. 2d 448, 452-53 (S.D.N.Y. 1998) (citing, e.g., Seward & Kissel v. Smith Wilson Co., 814 F. Supp. 370, 378 (S.D.N.Y. 1993) (awarding attorneys' fee and costs incurred in enforcing promissory note)).

As shown, Wasik failed to pay any of his three notes when they became due. (Crain Decl. ¶¶5-14) For that reason alone, plaintiffs are entitled to summary judgment on that part of their tenth cause of action that seeks their attorneys' fees and other costs incurred in collecting on the notes. E.g., Credit Suisse First Boston Mortgage Capital LLC v. Cohn, No. 03 Civ. 6146, 2004 U.S. Dist. LEXIS 16577, at *24-*26 (S.D.N.Y. Aug. 19, 2004) (granting lender

summary judgment for attorneys' fees incurred in enforcing promissory note); <u>AAI Recoveries</u>, 13 F. Supp. 2d at 452-53 (granting summary judgment against maker of promissory note, based on attorneys' fee provision in note, for plaintiff's fees incurred in enforcing the note); <u>Seward & Kissel</u>, <u>supra</u>.  At the appropriate time, plaintiffs will submit the evidence showing the amount of fees and other costs that they will by then have incurred.

CONCLUSION

That Wasik executed and defaulted on the three promissory notes at issue is beyond debate.  For that and all other reasons set forth above, plaintiffs' motion for summary judgment on their ninth cause of action, and part of their tenth, should be granted in full.

Dated:     New York, New York
           October 24, 2007

                                       LEVI LUBARSKY & FEIGENBAUM LLP

                                       By: _____
                                            Steven B. Feigenbaum (SF-1711)
                                    1185 Avenue of the Americas, 17th Floor
                                     New York, New York 10036
                                     (212) 308-6100
                                     Attorneys for Plaintiffs Houlihan, Lokey,
                                     Howard & Zukin, Inc. and HLHZ Investments, LLC